IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMANDA SCHOENFELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-4020-CV-C-NKL |
| ) | |
| PAUL KEIBER, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

In 2005, Plaintiff Amanda Schoenfeld ("Schoenfeld") brought a Title VII suit in federal court against her employer, U.S. Resort Management Company, in Case No. 05-4368-CV-C-WAK ("the Title VII case"). On September 19, 2006, United States Magistrate Judge William A. Knox ordered the Title VII case submitted to binding arbitration but retained jurisdiction and stayed all further proceedings. Schoenfeld subsequently tried to amend her complaint on January 2, 2007, to add several additional defendants to that case, including Paul Kleiber and Roger Strope ("Defendants"). Judge Knox eventually denied the motion, but while it was pending, Schoenfeld filed a second suit against those two Defendants in Missouri state court for intentional infliction of emotional distress and defamation ("the State case"). Defendants timely removed the State case to this Court and moved to consolidate it with the Title VII case. Pending

1

before the Court is Schoenfeld's Motion to Remand [Doc. # 17] the State case.  For the reasons set forth below, the Motion is granted.

## I.   Removal Jurisdiction

Defendants' notice of removal does not allege diversity of citizenship.  Indeed, Defendant Strope is a citizen of Missouri which precludes removal based on diversity both because he shares citizenship with Schoenfeld and because he is a citizen of the state in which the state case was filed.  *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between  (1) Citizens of different States . . . ."); 28 U.S.C. § 1441(b) ("Any [action not founded on federal question jurisdiction] shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought.").

Nor do Defendants present any persuasive argument that the State case raises a federal question to implicate the Court's jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  They suggest that the State case "addresses statements and actions allegedly made during Scheonfeld's employment with U.S. Resorts" and that "[t]hose same statements and comments are the basis of her Federal Action." Def. Opp. ¶ 11.  However, the State case seeks relief only for intentional infliction of emotional distress and defamation, claims arising under state tort law.  "The well-pleaded-complaint rule makes the plaintiff the master of the claim; he or she may

2

Case 2:07-cv-04020-NKL   Document 26   Filed 04/10/07   Page 2 of 6

avoid federal jurisdiction by exclusive reliance on state law." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (internal alterations and quotations omitted).

Instead, the purported basis for removal seems to be that, because the state case involves the same operative facts as the Title VII case, it falls within the Court's supplemental jurisdiction under 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). In other words, because Schoenfeld could have joined her state tort claims in the Title VII case under the Court's supplemental jurisdiction, her separately filed State case raising those claims should be removable to federal court. The Eighth Circuit has previously considered and rejected this argument.

In *Motion Control Corp. v. SICK, Inc*., 354 F.3d 702 (8th Cir. 2003), the Eighth Circuit vacated a district court's order denying remand of a case purportedly removed under 28 U.S.C. § 1367. The Court of Appeals explained that supplemental jurisdiction "does not provide an independent source of removal separate from § 1441." *Motion Control*, 354 F.3d at 705. In fact, "Section 1367(a) does not mention removal at all" and "plainly does not provide a separate basis for removal of independent state law actions." *Id. See also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("Removal is governed by statute, and invocation of ancillary jurisdiction . . . does not dispense with the need for compliance with statutory requirements [for removal]."); *In re Estate of*

3

*Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995) ("The supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action," even if "such an approach would have the benefits of efficiency . . . .").

The Eighth Circuit further explained that "Section 1441(a) provides that removal is only proper where the federal district court has 'original jurisdiction' over the state court case. [Supplemental jurisdiction] is not original jurisdiction." *Motion Control*, 354 F.3d at 706. *See also Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction. . . ."). Since supplemental jurisdiction does not provide an independent basis for removal or authorize removal under § 1441, the Eighth Circuit held that removal premised on 28 U.S.C. § 1367 was improper. *Motion Control*, 354 F.3d at 706 (8th Cir. 2003).

The State case filed by Schoenfeld alleges two claims arising under state tort law, and the parties do not have complete diversity of citizenship. Although the Court could have chosen to exercise its supplemental jurisdiction over these state law claims had they been joined with some other claim over which the Court had original jurisdiction, no federal claims are present within the well-pleaded complaint of the State case. The

4

Case 2:07-cv-04020-NKL   Document 26   Filed 04/10/07   Page 4 of 6

statements giving rise to Schoenfeld's defamation and intentional infliction of emotional distress claims may have occurred at work, but she has not alleged a violation of or sought a remedy under any federal statute in this case. The Court is therefore without jurisdiction and must remand the case to state court.

## II.    Attorneys' Fees

In her Motion for Remand, Schoenfeld also asks that the Court award her attorneys' fees incurred after Defendants' removal. Congress has provided for the award of such fees under 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). However, the Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005).

The only basis for removal jurisdiction asserted by Defendants in their Notice of Removal and their Suggestions in Opposition to Remand is that the State case falls within the Court's supplemental jurisdiction because it is factually intertwined with the Title VII case. As there was already binding Eighth Circuit authority explicitly rejecting Defendants' argument at the time they raised it, the Court concludes that Defendants had no objectively reasonable basis for removing the State case to federal court. Nor have the Defendants explained why in a state forum they could not raise the defense of res judicata

5

or get an order for arbitration there. In other words, they have failed to show that a state forum was inadequate. Such a showing would not have given the federal court jurisdiction, but may have been relevant to whether attorney's fees should be awarded. Schoenfeld has filed an affidavit stating that she has incurred $6,806 in attorneys fees by filing her motion to remand and responding the Defendants' opposition. The Court further notes that Schoenfeld's attorneys have attempted to minimize the fees incurred by seeking extensions of time to respond to other pending motions until the Court could decide the remand issue. In Defendants' Suggestions in Opposition to remand, they do not contest the fees generated by Schoenfeld's counsel up to that point. They have filed no objection to the fees incurred in preparing her Reply. The Court finds that the fees incurred are reasonable and awards them to Schoenfeld.

**III. Conclusion**

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Remand [Doc. # 17] is GRANTED. This case is REMANDED to the Circuit Court of Camden County, Missouri. It is further

ORDERED that Plaintiff is awarded $6,806 in attorneys' fees incurred as a result of removal.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 10, 2007
Jefferson City, Missouri