IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| AMANDA SCHOENFELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-4020-CV-C-NKL |
| | ) | |
| PAUL KEIBER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ORDER

On April 10, 2007, the Court remanded this case to state court for lack of subject matter jurisdiction. The underlying complaint asserts state law claims and both Plaintiff and one of Defendants is a citizen of Missouri; hence, there is neither federal question nor diversity jurisdiction in federal court. Defendants argued that under 28 U.S.C. § 1367 this Court had supplemental jurisdiction over the state law claims because they arose out of the same transaction or occurrence as Plaintiff's Title VII claims already pending in a separate federal case currently in arbitration. The Court rejected Defendant's position, however, as contrary to clear Eighth Circuit precedent. See *Motion Control Corp. v. SICK, Inc*., 354 F.3d 702, 705 (8th Cir. 2003) (holding that supplemental jurisdiction "does not provide an independent source of removal separate from § 1441"); s*ee also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("Removal is governed by

1

statute, and invocation of ancillary jurisdiction . . . does not dispense with the need for compliance with statutory requirements [for removal]."); *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995) ("The supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action," even if "such an approach would have the benefits of efficiency . . . ."). Because Defendants "lacked an objectively reasonable basis for seeking removal," *see Martin v. Franklin Capital Corp*., 126 S. Ct. 704, 711 (2005), the Court also awarded Plaintiff $6,806 in attorneys fees pursuant to 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.")

Despite the specter of incurring further fees and without citing any legal authority to the contrary of *Motion Control*, Defendants have asked the Court to reconsider its remand order. The purported basis for their motion is a letter sent by Plaintiff to the arbitrator in the federal case suggesting that she might move to compel arbitration in the remanded state case and join it with the Title VII case before the same arbitrator. Defendants argue that Plaintiff's letter demonstrates that the cases should be joined and therefore the federal court should have supplemental jurisdiction. The Court disagrees. Whether Plaintiff intends to pursue arbitration in the remanded state court proceeding is completely irrelevant to the this Court's jurisdiction. Had Plaintiff joined her state law claims when she originally filled her Title VII action in federal court, this Court may indeed have had supplemental jurisdiction over those state law claims. However, she

2

chose to file her state law claim separately in state court as is her right. Defendants' Motion to Reconsider is without merit.

In her response to the Motion for Reconsideration, Plaintiff asks for an additional $1,242 in attorneys fees. Counsel has attached an affidavit attesting to the fees and Defendants have submitted no response contesting their amount or the reasonableness. Pursuant to 28 U.S.C. § 1447(c), the Court concludes the additional award of fees is just and proper. Accordingly, it is hereby

ORDERED that Defendants' Motion to Reconsider [Doc. # 28] is DENIED. It is further

ORDERED that Plaintiff is awarded and additional $1,242 in attorneys' fees incurred as a result of removal.

S/NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: June 25, 2007
Jefferson City, Missouri