IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMANDA SCHOENFELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-4020-CV-C-NKL |
| ) | |
| PAUL KEIBER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER**

On August 8, 2007, Plaintiff Amanda Schoenfeld, under 28 U.S.C. § 1927, moved for attorney's fees [Doc. # 50] in the amount of $909.50, for her attorneys' time spent responding to Defendants' motion for stay [Doc. # 37]. Although Defendants' response was due August 23, 2007, they did not file their Suggestions in Opposition [Doc. # 55] until September 24, 2007. Defendants neither requested leave to file their Opposition out of time, nor explained their extreme tardiness. Additionally, on August 30, 2007, Schoenfeld moved for an order directing Defendants to show cause why they should not be held in contempt for failing to comply with the Court's August 3, 2007, Order directing Defendants "to remit the attorney fee award to Plaintiff in the amount of $8,048." [Doc. # 52]. Defendants did not file a response.

**I.    Motion for Attorney's Fees**

1

Because Defendants failed to request leave to file their response, the Court strikes their Suggestions in Opposition [Doc. # 55] as untimely. *See* Fed. R. Civ. P. 6(b). Schoenfeld may recover attorney's fees against Defendants if she shows Defendants acted in "bad faith" or "unreasonably and vexatiously multiplied the proceedings." *See Tolefree v. Cmty. Blood Ctr. of Greater Kan. City*, No. 03-1087, 2005 WL 1669762, at *6 (W.D. Mo. July 18, 2005) (citing 28 U.S.C. § 1927; *Davidson v. Allis-Chalmers Corp*, 567 F. Supp. 1532, 1538 (W.D. Mo. 1983)). Bad faith is evaluated subjectively, while vexatiousness is considered under an objective standard. *See Perkins v. Gen. Motors Corp.*, 129 F.R.D. 655, 657 (W.D. Mo. 1990) (citing *Burull v. First Nat'l Bank of Minneapolis*, 831 F.2d 788, 790 (8th Cir. 1987)). Section 1927 sanctions are discretionary. *See id.*

Schoenfeld asserts the requested fees were incurred in response to Defendants' Motion to Stay [Doc. # 37]. Other than requesting the stay, however, Defendants' motion completely failed to suggest any reasons why the Court should stay its judgment. Further, Defendants requested a stay of the attorney's fees to Schoenfeld, which the Court had awarded based on Defendants' improper removal of the case [Doc. # 26]. Again, though, they provided no reasons supporting a stay. Additionally, Defendants requested a supersedeas bond under Fed. R. Civ. P. 62(d) in the amount of the fee award, but never obtained a bond for presentment to the Court. On August 3, 2007, the Court denied Defendant's motion to stay because a remand order is not reviewable on appeal under 28 U.S.C. § 1447(d). *See Roberts v. BJC Health Sys.*, 452 F.3d 737, 738 (8th Cir. 2006).

Moreover, prior to their motion to stay, the Court already denied their Motion to Reconsider [Doc. # 34] because their jurisdictional arguments were contrary to clear Eighth Circuit precedent, and they "lacked an objectively reasonable basis for seeking removal." Also, in its order denying reconsideration, the Court remarked that Defendants had failed to cite any legal authority supporting reconsideration. As a result, the Court concluded Defendant's motion to reconsider was without merit.

By filing their motion to stay, Defendants acted in bad faith and unreasonably and vexatiously multiplied these proceedings. Defendants' actions, from their improper removal, to their motion to reconsider, to their motion to stay, clearly indicate a pattern of bad faith and an attempt to vexatiously multiply these proceedings. Therefore, the Court exercises its discretion and grants Schoenfeld's Motion for Costs in the amount of $909.50. Furthermore, Defendants are instructed that the check should be made payable to Plaintiff—not Plaintiff's attorneys or their law firm—although it may be sent to plaintiff's attorneys in her care.

## II. Motion for Show Cause

Defendants and their counsel, Lawrence P. Kaplan, are ordered to show cause no later than **November 1, 2007**, why the Court shall not hold them in contempt for having failed to comply with that portion of the Court's Order of August 3, 2007, directing Defendants "to remit the attorney fee award to Plaintiff in the amount of $8,048." Defendants are reminded that it is not sufficient to electronically file letters [Doc. # 53] sent to opposing counsel, but not directed toward the Court, and expect those letters to serve as their responses to

3

Schoenfeld's motions. Instead, Defendants must file proper responses identifying what they are responding to and directly addressing the issues before the Court.

**III.     Conclusion**

Accordingly, it is hereby

ORDERED that Schoenfeld's Motion for Costs [Doc. # 50] in the amount of $909.50 is GRANTED.  It is further

ORDERED that Schoenfeld's Motion for Order to Show Cause [Doc. # 52] is GRANTED.  Defendants and their counsel, Lawrence P. Kaplan, are ORDERED to show cause, no later than **November 1, 2007**, why the Court shall not hold them in contempt for having failed to comply with that portion of the Court's Order of August 3, 2007, directing Defendants "to remit the attorney fee award to Plaintiff in the amount of $8,048."

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 16, 2007
Jefferson City, Missouri

4