IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMANDA SCHOENFELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-4020-CV-C-NKL |
| ) | |
| PAUL KLEIBER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER**

On October 16, 2007, this Court ordered Defendants and their counsel to show cause [Doc. # 62] why they should not be held in contempt for failing to comply with that portion of the Court's Order of August 3, 2007, directing Defendants "to remit the attorney fee award to Plaintiff in the amount of $8,048." Defendants responded on October 18, 2007, stating they "paid Plaintiff $8048.00 by check (Check) dated August 8, 2007 attached as Exhibit 1" [Doc. # 64]. Having duly considered the parties' briefing and arguments, the Court now awards attorney's fees to Plaintiff for costs related to preparing its show cause motion.

**I.     Background**

The present dispute involves to whom the Defendants should make their check for attorneys' fees. The Court's August 3, 2007 order states: "Defendants have 10 days from the date of this order to remit the attorney fee award to Plaintiff in the amount of $8,048"

1

[Doc. # 49]. Instead of making their check payable to Amanda Schoenfeld, however, Defendants made their check out to the "Lewis Rice & Fingersh, LLC Trust Account." In a letter to Plaintiff's attorney, Defendants' counsel asserted a lien on behalf of U.S. Resort Management, Inc. (U.S. Resort), on the funds. Plaintiff's attorney notified Defendants and their counsel several times that pursuant to the Court's order, the check must be made payable to Plaintiff with no additional limitations. But, Defendants and their counsel refused to comply, continuing to submit checks made out to Lewis Rice's trust account and asserting a claim on behalf of U.S. Resort.

On August 30, 2007, Plaintiff moved for an order to show cause why Defendants and their counsel should not be held in contempt for failing to comply with the Court's August 3, 2007 Order [Doc. # 52]. Defendants never responded, although they did file a copy of an August 31, 2007 letter sent to Plaintiff's attorney (but not addressed directly to this Court), explaining that "[t]here is no doubt in my mind that Amanda Schoenfeld did not pay attorneys fees to any of her lawyers," and that "[i]t appears by your actions, you are attempting to circumvent the decision of the Arbitrator who found that Ms. Schoenfeld was not entitled to compensation of any kind" [Doc. # 53]. The August 31 letter also admits that "US Resort is not entitled to recover attorneys [fees] or costs from Ms. Schoenfeld" and that "there is no claim by US Resort on these funds." Defendants transmitted a check to Plaintiff that same day. On September 17, 2007, Plaintiff admitted that because Defendants withdrew U.S. Resort's claim on the funds, that Defendants had now fully complied with the Court's order [Doc. # 54]. Plaintiff still requested $2,567.00 in attorney's fees related to the

2

cost of preparing its show cause motion, as well as interest on the previous attorney's fees, primarily due to the history of Defendants' noncompliance. On October 16, 2007, the Court issued a show cause order as to why Defendants should not be held in contempt for failing to comply with the Court's August 3, 2007 order [Doc. # 62]. On October 18, 2007, Defendants submitted their response to the Court's show cause order [Doc. # 64], stating they transmitted a check to Plaintiff's attorney on August 31, 2007; however, Defendants did not explain why they failed to comply within the 10 days required by the August 3 Order.

**II.    Discussion**

Courts have the inherent power to punish contempt. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "A sanction imposed on a party held in civil contempt generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Comcast of IL X v. Multi-Vision Elecs.*, 504 F. Supp. 2d 740, __ (D. Neb. 2007) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994)); *see also Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000). But, courts must exercise restraint and discretion: "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45. This includes assessment of attorney's fees and fines. *See id.* at 45; *Chicago Truck Drivers*, 207 F.3d at 505. Generally, an award of attorney's fees is limited in narrowly defined circumstances, such as a sanction for the "willful disobedience of a court order" or where a party has "acted in bad faith, vexatiously,

3

wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975); *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 428 (1923)).

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *See Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)); *see also F.T.C. v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004) (movant must show valid court order existed, contemnor had knowledge of order, and contemnor disobeyed order); *Imageware, Inc. v. U.S. West Commc'ns*, 219 F.3d 793, 797 (8th Cir. 2000) (order must be clear and unambiguous); *Chicago Truck Drivers*, 207 F.3d at 505 (clear and convincing standard); *Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th Cir. 1989) (grant of relief for civil contempt is necessary to effect compliance with court decree). A willful violation is not required. *See Faegre & Benson, LLP v. Purdy*, 367 F. Supp. 2d 1238, 1243 (D. Minn. 2005) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). "Once the moving party has met its burden, the burden shifts to the nonmoving party to show inability to comply." *Id.* (citing *Chicago Truck Drivers*, 207 F.3d at 505). Thus, the nonmoving party must (1) explain why, categorically and in detail, it was unable to comply; (2) show that its inability to comply was not self-

4

induced, and (3) show that it made in good faith all reasonable efforts to comply. *See id.* (citing *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir. 2001)).

In the present case, the Defendants and their counsel were put on notice of the acts or conduct which allegedly constituted the contempt by Plaintiff's August 30, 2007 motion and the Court's Oct. 16, 2007 show cause order. In its show cause order, the Court afforded Defendants and their counsel the opportunity to be heard and to respond to Plaintiff's allegations, which Defendants did through their October 18, 2007 reply. Thus, due process is satisfied. *See Philippe v. Window Glass Cutters League of Am.*, 99 F. Supp. 369, 374 (D. Ark. 1951) (in civil contempt proceeding, due process requires notice and opportunity to state defense and be heard); *see also Kuykendall*, 371 F.3d at 754 ("[I]n civil contempt proceedings all that is required to satisfy the Due Process Clause is that Defendants be given reasonable notice and an opportunity to be heard." (citing *Bagwell*, 512 U.S. at 827)); *Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1192 (5th Cir. 1996) (in Rule 11 sanctions context, "the opportunity to respond through written submissions usually constitutes sufficient opportunity to be heard").

Here, the Court's August 3, 2007 order is clear and unambiguous, stating, "Defendants have 10 days from the date of this order to remit the attorney fee award to Plaintiff in the amount of $8,048." The Court's order does not mention any other limitations or restrictions on Defendants' payment. Moreover, the Court's October 16, 2007 order, which awarded additional attorney's fees and specifically instructed Defendants to make their check payable to Plaintiff, not her attorneys or their law firm, should have further

explained to defendants what was expected of them: Attorney's fees and costs are to be paid to the Plaintiff. Clear and convincing evidence—including Defendants' own admission—demonstrates, however, that Defendants failed to comply with the August 3 order until August 31, 2007, a full 18 days after the deadline for complying with the Court's order. Despite this Court's order and Plaintiff's several requests that U.S. Resort withdraw its claim on the funds, Defendants refused to do anything until after Plaintiff was required to file its show cause order in an attempt to enforce the judgment. The numerous requests by Plaintiff that Defendants withdraw U.S. Resort's lien or claim on the funds demonstrate Defendants did not diligently attempt to comply with the Court's August 3 order in a reasonable manner.

Further, Defendants and their counsel failed to argue that they were unable to comply with the Court's order. They provided no evidence that they made in good faith all reasonable efforts to comply. Most importantly, Defendants provided no evidence showing the inability to comply was not self-induced. To the contrary, Defendants simply refused to make the check out to Plaintiff without restrictions until threatened with the possibility of contempt sanctions. In Defendants' August 31, 2007 letter addressed to Plaintiff's counsel, but not to the Court, Defendants assert that paying Plaintiff directly would circumvent an arbitrator's order in a related case that she is entitled to no compensation from Defendants. Not only did Defendants never make this argument to this Court, they have provided no evidence to support these accusations.

6

Additionally, this rationale does not excuse Defendants from complying with the plain language of the Court's August 3 order "to remit the attorney fee award to Plaintiff." At no point have Defendants explained why they could not comply with the Court's August 3 Order, or what gave them a right to assert a claim on those funds on behalf of non-party U.S. Resort. Therefore, Defendants have not met their burden of showing an inability to comply. By refusing to comply with the August 3, 2007 Order and placing unreasonable restrictions on their payment of Plaintiff's attorney's fees, Defendants have acted in bad faith and vexatiously and wantonly protracted this litigation.

Because clear and convincing evidence shows Defendants did not diligently attempt to comply in a reasonable manner with the Court's clear and unambiguous August 3, 2007 Order, the Court exercises its discretion to award attorney's fees to Plaintiff in the amount of $2,567.00, representing the costs incurred by Plaintiff in preparing its show cause motion. *Faegre & Benson*, 367 F. Supp. 2d at 1243-44 (citing *Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 630, 630-31 (8th Cir. 1984)) ("The Court may also award attorney's fees and other costs incurred in prosecuting the contempt motion to the moving party."); *see also Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006) (reviewing contempt order for abuse of discretion). The Court also awards Plaintiff interest on the attorney's fees awarded in the Court's April 10, 2007 and June 25, 2007 orders, running from those respective dates until August 31, 2007. *See Hartman*, 884 F.2d at 1106 ("[A] compensatory sanction . . . serves to make reparation to the injured party, restoring that party to the position it would have held had the court's order been obeyed."). Plaintiff is required to submit its

7

interest calculations within 10 days of this order, after which the Court will make a final determination.

Defendants are instructed that the checks should be made payable to Plaintiff—not plaintiff's attorneys or their law firm—although it may be sent to Plaintiff's attorneys in her care. Defendants have 10 days from the date of this Order to remit the attorney fee award assessed in this Order to Plaintiff. Defendants are not required to remit the interest owed on the attorney's fees assessed in the April 10 and June 25 Orders until after the Court makes its final determination as to that amount.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants Paul Kleiber and Roger Strope are to pay Plaintiff Amanda Schoenfeld attorney's fees in the amount of $2,567.00 for costs incurred in preparing Plaintiff's Motion for Order to Show Cause [Doc. # 52]. Defendants have 10 days from the date of this Order to remit the attorney's fees to Plaintiff. It is further

ORDERED that Defendants are to pay Plaintiff interest on the amount of attorney's fees awarded by the Court in its April 10, 2007, and June 25, 2007 Orders, running from the respective dates of those orders until August 31, 2007. Plaintiff is to submit its interest calculations within 10 days of this Order. Defendants are not required to remit payment on the interest owed until after the Court makes its final determination as to that amount.

s/ Nanette K. Laughrey
                                                                NANETTE K. LAUGHREY
                                                                United States District Judge

Dated: November 2, 2007
Jefferson City, Missouri